IN RE APPLICATION OF OLTERMAN.

[Cite as *In re Application of Olterman,*
106 Ohio St.3d 383, 2005-Ohio-5324.]

(No. 2005–0569—Submitted June 15, 2005—Decided October 19, 2005.)

**Per Curiam.**

{¶ 1} Applicant, William Ward Olterman, of Camden, Ohio, graduated from Thomas M. Cooley Law School in May 2003. He applied to take the Ohio bar examination in July 2003. His character and fitness were approved, and he sat for the examination but did not receive a passing score.

{¶ 2} Applicant then applied to take the February 2004 Ohio bar examination. The Admissions Committee of the Preble County Bar Association approved the application with qualifications, citing applicant's failure to recognize and accept his apparent alcohol problem. Applicant did not sit for the bar examination that year but instead appealed the admissions committee's qualified approval.

{¶ 3} A three-member panel of the Board of Commissioners on Character and Fitness held a hearing in January 2005. Applicant testified at the hearing, as did his mother and a colleague.

{¶ 4} Applicant has a history of legal troubles, including several alcohol-related offenses. He was convicted in April 1996 on a charge of underage possession of alcohol. He was convicted in December 1997 on disorderly-conduct and petty-theft charges and was also found in contempt of court that month. His traffic-related convictions include failure to display a license plate (1993), reckless operation (1993), speeding (1996, twice in 1997, and 1998), and driving under the influence of alcohol (1997, 2000, 2003).

{¶ 5} When he applied to law school in 1998, applicant did not provide truthful information to the Thomas M. Cooley Law School about his past legal troubles. Several months later, after enrolling at the law school, he voluntarily acknowledged to a law school administrator that he had not been forthcoming about his convictions and traffic offenses. The school suspended him for one year and placed him on permanent probation. After the one-year suspension, he was readmitted, and he completed his course of studies at the law school.

{¶ 6} Applicant has received counseling for his alcohol problem on several occasions. He spent three days at an inpatient program in 1998, attended eight outpatient sessions at a recovery center in 2000, received intensive outpatient treatment and less frequent outpatient counseling for several months in 2000 and 2001, and attended at least ten outpatient sessions in 2003.

{¶ 7} At the hearing before the panel in January 2005, an attorney and co-worker from the law office where applicant had been working for two years as an intern testified that she has never seen any evidence that he uses or abuses alcohol. Applicant's mother testified that she and her husband are providing support and encouragement to him, and she believes that he has been sober since October 2003.

{¶ 8} Applicant himself testified before the panel too, and he stated that he has indeed been sober since his most recent arrest for driving while under the influence of alcohol in October 2003. He stated that he has attended at least three Alcoholics Anonymous meetings each week since February 2004 and plans to continue to do so. Applicant testified that he now acknowledges that he is an alcoholic and, at the time of the hearing, had reached the fifth step of AA's 12-step program for recovering alcoholics.

{¶ 9} A written assessment prepared by a staff member of the Butler County Alcohol and Drug Addiction Services Board in January 2005 listed applicant's relapse potential as "moderate." Applicant acknowledged at the hearing before the panel that he had stopped attending AA meetings in 2001 because he believed that he was not dependent on alcohol. By the summer of 2003, he was attending the meetings again, but then stopped attending in September of that year and was arrested for driving under the influence of alcohol the following month.

{¶ 10} In weighing the evidence, the panel considered the factors listed in Gov.Bar R. I(11)(D) and found evidence of an existing and untreated alcohol dependency on the part of applicant. Gov.Bar R. I(11)(D)(3)(b). When assigning weight and significance to applicant's prior conduct, the panel noted the recency of applicant's problems with alcohol and his related legal troubles, the serious nature of his problems, the lack of evidence of complete rehabilitation, and the repetitive nature of his problems. Gov.Bar R. I(11)(D)(4)(b), (d), and (g).

{¶ 11} The panel concluded that applicant had not established his character and fitness for admission to the practice of law in Ohio by clear and convincing evidence.

{¶ 12} The board adopted the panel's findings of fact and recommended that applicant's pending application to take the Ohio bar examination be disapproved. The board further recommended that applicant be permitted to reapply no sooner than for the February 2006 exam.

{¶ 13} We adopt the findings, conclusions, and recommendation of the board. Under Gov.Bar R. I(11)(D)(1), "[t]he applicant has the burden to prove by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Like the panel and the board, we find applicant's efforts to overcome his alcohol dependency admirable, and we commend him for the 15 months of abstinence he had demonstrated at the time of the hearing before the panel. Even so, his past failures to attend AA meetings consistently and the relative recency of his sobriety rightly prompted the board to question whether applicant had met his burden of proving his character and fitness to practice law, particularly in light of applicant's record of criminal and traffic violations and his dishonesty on his law school application.

{¶ 14} For these reasons, we disapprove applicant's application to take the Ohio bar examination. He may, however, apply to sit for the examination in February 2006 or later by filing an entirely new application to register as a candidate and a new application to take the bar examination. Upon application, he must undergo a complete character-and-fitness investigation, including the preparation of a report by the National Conference of Bar Examiners, in order to allow the board to determine whether he possesses the necessary qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———

Wayne C. Staton, for applicant.

Karen M. Clark, for Preble County Bar Association.