IN RE APPLICATION OF RALLS.

[Cite as *In re Application of Ralls*,
109 Ohio St.3d 487, 2006-Ohio-2996.]

(No. 2006-0263—Submitted April 11, 2006—Decided June 28, 2006.)

**Per Curiam.**

{¶ 1} Applicant, Jason Edward Ralls of Solon, Ohio, graduated from the Ohio State University Moritz College of Law in June 2004. He applied to take the July 2004 Ohio bar examination. His character and fitness were approved, and he sat for the examination but did not receive a passing score.

{¶ 2} Applicant then applied to take the February 2005 Ohio bar examination. In January 2005, the Joint Admissions Committee of the Cuyahoga County and Cleveland Bar Associations approved his application with qualifications, citing applicant's continuing problems with alcohol, including a second conviction for driving under the influence during the character-and-fitness-review process. The admissions committee's qualified approval precluded applicant from taking the bar exam, and in February 2005, he appealed.

{¶ 3} Applicant also applied in April 2005 to take the bar exam to be administered in July 2005. He was granted a waiver of the application deadline, provided, among other conditions, that he receive final approval of his character and fitness at least three weeks prior to the exam.

{¶ 4} A three-member panel of the Board of Commissioners on Character and Fitness heard applicant's appeal on June 20, 2005. Evidence before the panel confirmed that despite a first DUI conviction in June 2003, applicant had continued to drink and drive, leading to another DUI conviction in December 2004. For his second conviction, the Akron Municipal Court ordered applicant into treatment at the Oriana House, a jail facility where he was required to complete a chemical-dependence program. Applicant entered the program on

December 6, 2004, and he was discharged on December 30, 2004, after attending more than 50 hours of programming that included 15 individual sessions.

{¶ 5} Applicant admitted at the hearing that although he had initially abstained from alcohol after his second arrest, he had gone back to drinking in the weeks before attending the Oriana House treatment program. Upon his discharge, Oriana House staff reported that applicant had high risk factors for treatment resistance and relapse and was returning to an unfavorable recovery environment. The discharge report recommended that applicant abstain from all mood-altering substances and attend at least two Alcoholics Anonymous meetings per week. If applicant continued to use alcohol, however, the report recommended that he contact the nearest alcohol-assessment center for referral before attempting to drive.

{¶ 6} Applicant did continue to abuse alcohol. Faced with applicant's drunk-driving record and treatment history, the panel came to share the committee's concern that applicant's continued indulgence in alcohol was a more serious problem than the applicant had been willing to accept. To redress applicant's problem, the admissions committee had given qualified approval of his character and fitness on the condition that he successfully complete an alcohol-abuse treatment program. Applicant had initially considered that this condition was fulfilled by his completed treatment for chemical dependence at Oriana House but later realized that the admissions process required more than this for him to again qualify for and take the bar exam.

{¶ 7} Applicant contacted the Ohio Lawyers Assistance Program ("OLAP"), and on June 1, 2005, he entered a two-year recovery program and treatment contract with OLAP. At the panel hearing, applicant acknowledged that he has difficulties with alcohol abuse, and he testified that he had not consumed alcohol since May 25, 2005. Applicant did not, however, accept the Oriana House diagnosis that he is alcohol-dependent. He instead attributed his problems to immaturity, carelessness, lack of responsibility, and lifestyle. Applicant nevertheless pledged to continue complying with the terms of his OLAP contract, including abstention from alcohol and regular attendance at AA meetings, although he conceded that he had not yet found a sponsor to oversee his progress.

{¶ 8} An applicant for admission to the Ohio bar has the burden to prove "by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). To be approved, the applicant must have a record of conduct that "justifies the trust of clients, adversaries, courts and others with respect to the professional duties owed to them and demonstrates that the applicant satisfies the essential eligibility requirements for the practice of law as defined by the Board." Gov.Bar R. I(11)(D)(3). Evidence of an existing and

untreated drug or alcohol dependence is one factor to be considered in determining whether the applicant's record manifests "a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant" and constitutes a basis for disapproval. Gov.Bar R. I(11)(D)(3)(b).

{¶ 9} Weighing the evidence in accordance with these standards, the panel concluded that applicant had failed to show that he possessed the character and fitness necessary for admission to the Ohio bar and that he therefore did not qualify to take the July 2005 bar exam. The panel explained:

{¶ 10} "This is a case where the applicant does not get it. The applicant appears to have an alcohol problem but refuses to accept that fact and get effective treatment. The applicant has entered into a contract with OLAP[;] however[,] there has not been [a] sufficient period of time to gauge whether he will be successful and/or abide by his treatment program."

{¶ 11} To allow applicant time to "accept and engage in the effective treatment for his alcohol issues," the panel recommended that applicant be permitted to reapply to take the July 2006 bar examination. The board concurred in the panel's assessment of the evidence and recommendation, commending applicant for attempting to address his diagnosed alcohol dependence, but finding his recovery efforts too short-lived to reliably establish his character and fitness for admission to the Ohio bar. The board thus also recommended that the application be disapproved but that applicant be permitted to reapply to take the July 2006 bar examination and be required to prove complete compliance with his OLAP contract and treatment program.

{¶ 12} On review, we adopt the board's findings as to respondent's character and fitness and the recommendation to disapprove his application to take the July 2005 bar examination. We will delay an applicant's ability to take the Ohio bar examination to allow the applicant time to show that he or she has overcome problems with alcohol and is managing that condition with sufficient treatment. See *In re Application of Olterman*, 106 Ohio St.3d 383, 2005-Ohio-5324, 835 N.E.2d 370. Before the applicant may be approved as having the requisite character and fitness for admission and qualify to take the bar examination, however, the applicant must prove sustained recovery from alcohol dependence with clear and convincing evidence.

{¶ 13} For respondent to sustain his burden of proof in this case, he must demonstrate that he understands his disposition toward alcohol abuse and that he is committed to a recovery program, neither of which he has established thus far. To the contrary, in the classic symptom described by Alcoholics Anonymous as denial, respondent has dismissed professional opinions of his alcohol dependence and remains confident that he can control his drinking with moderation. As the panel colloquially but aptly observed, respondent "does not get it."

{¶ 14} Respondent was convicted of drunk driving twice within two years while attempting to qualify for admission to the legal profession, the pressures of which can lead even the most seasoned practitioner to abuse alcohol. Yet respondent still does not accept the obvious power of alcohol in his life or appreciate the dangers created by his continued consumption. Until he realizes these facts and commits to and sustains a treatment plan for recovery, he is a poor risk to entrust with the critical duties owed clients, the courts, adversaries, and others in the practice of law.

{¶ 15} For these reasons, we reject the board's recommendation to allow respondent to attempt to qualify to take the bar examination to be administered in July 2006. We instead allow respondent to attempt to qualify to take the February 2007 examination; however, he must file a new re-examination application that establishes that he has abstained from alcohol and that he has the character and fitness required for admission to the practice of law in Ohio. For approval, respondent's re-examination application must specifically demonstrate a sustained recovery period that includes (1) his membership in Alcoholics Anonymous and complete compliance with the requirements of that treatment program, including attending 12–step meetings and obtaining a sponsor, and (2) complete compliance with his OLAP contract and treatment program.

Judgment accordingly.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER and O'CONNOR, JJ., would permit applicant to attempt to qualify to take the July 2006 bar examination.

---

Steuer, Escovar, Berk & Brown, Co., L.P.A., and Thomas J. Escovar, for relator.

Jason Edward Ralls, pro se.