IN RE APPLICATION OF LYNCH.

[Cite as *In re Application of Lynch,*
116 Ohio St.3d 187, 2007-Ohio-6044.]

(No. 2007–1416—Submitted October 9, 2007—Decided November 15, 2007.)

---

**Per Curiam.**

{¶ 1} Applicant, Eugene Joseph Lynch of Mayfield Village, Ohio, graduated from Case Western Reserve Law School in May 2007. Lynch filed an application to take the July 2007 bar examination, updating his candidacy as required by Gov.Bar R. I(3).

{¶ 2} The Joint Admissions Committee of the Cuyahoga County and Cleveland Bar Associations conducted a character-and-fitness interview and recommended that Lynch be approved for admission with the qualification that he enter a 12–step program to address his use of alcohol and its relationship to his professional responsibilities. The underlying reason for the qualification was the admissions committee's concern with Lynch's lack of remorse and personal responsibility for two separate alcohol-related offenses: an assault conviction and a conviction for attempted disorderly conduct.

{¶ 3} After the joint admissions committee issued its recommendation, Lynch appealed to the Board of Commissioners on Character and Fitness. See Gov.Bar R. I(12). The board appointed a panel to review Lynch's qualifications. The panel heard the cause on June 21, 2007, and unanimously recommended that Lynch not be approved to take the July 2007 bar examination. The panel recommended that Lynch be allowed to reapply to take the July 2008 bar examination, when his compliance with his Ohio Lawyers Assistance Program ("OLAP") contract would be reviewed. The board adopted the panel's report.

## The Board's Findings

{¶ 4} On June 4, 2004, police in Baltimore, Maryland, arrested Lynch for carrying a deadly weapon with the intent to injure and second-degree assault.

{¶ 5} In his application materials, Lynch described this incident as a "bar fight." However, during the panel hearing Lynch revealed that the "bar fight" had involved his striking of another patron in the head with a beer bottle. Lynch told the panel that his victim had jumped ahead of the line to use the restroom and then pushed Lynch from behind when Lynch protested. Lynch testified that he did not regret defending himself but does regret injuring his victim.

{¶ 6} The police report indicated that the victim told officers that it was Lynch who had jumped ahead of him in line and struck the victim with a beer bottle when the victim protested. The victim was subsequently transported to the hospital to receive stitches in his head. Lynch ultimately entered a plea to the assault, received probation before judgment, and served a one-year probationary period.

{¶ 7} In a second incident on March 17, 2006, Lynch left a bar in Lyndhurst, Ohio, and tried to reenter to pay his bar tab but was turned away by police. When he tried to reenter a second time, police arrested him after he became agitated and swore at the officers. Police charged Lynch with disorderly conduct, but he entered a no-contest plea to a lesser charge of attempted disorderly conduct.

{¶ 8} Lynch's record also contains two underage-drinking citations from approximately ten years ago. Lynch described his drinking habits as going to a bar

twice a week and drinking approximately six alcoholic beverages in a four-hour period. Lynch was assessed at Glenbeigh Hospital and diagnosed as alcohol-dependent. On June 12, 2007, Lynch entered into a two-year contract with OLAP. He is also receiving intensive outpatient treatment at Glenbeigh. The board noted that Lynch is in denial about his alcoholism but that he is doing the right things and seems committed to the program.

## Review

{¶ 9} Lynch does not challenge the board's findings and recommendation. We have reviewed the board's record and its report, and we agree with the board's findings and recommendation. Lynch's existing dependence on alcohol and his pattern of disregarding the law convince us that he does not yet possess the requisite character, fitness, and moral qualifications under Gov.Bar R. I(11) to be admitted to the bar. We find that Lynch needs further time to show that he has overcome his alcohol dependency and is managing his condition with sufficient treatment and counseling. See *In re Application of Olterman*, 106 Ohio St.3d 383, 2005-Ohio-5324, 835 N.E.2d 370, and *In re Application of Ralls*, 109 Ohio St.3d 487, 2006-Ohio-2996, 849 N.E.2d 36. Therefore, we disapprove Lynch for admission at this time but order that he may reapply for the July 2008 bar examination, provided that he then demonstrates continued compliance with his OLAP contract.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Ray, Robinson, Carle & Davies and Julia R. Brouhard, for Cuyahoga County and Cleveland Bar Associations.

Eugene J. Lynch, pro se.