IN RE APPLICATION OF ALBAN.

[Cite as *In re Application of Alban,*
116 Ohio St.3d 190, 2007-Ohio-6043.]

(No. 2007–1420—Submitted October 9, 2007—Decided November 15, 2007.)

**Per Curiam.**

{¶ 1} Applicant, John Robert Alban of Leroy Township in Lake County, Ohio, graduated from Cleveland–Marshall College of Law in May 2006. Alban filed an application to take the February 2007 bar examination, updating his candidacy as required by Gov.Bar R. I(3).

{¶ 2} The Joint Admissions Committee of the Cuyahoga County and Cleveland Bar Associations conducted a character-and-fitness interview and recommended that Alban be approved for admission with the qualification that he enter into a contract with the Ohio Lawyers Assistance Program ("OLAP") and provide evidence of ongoing compliance.

{¶ 3} As a result of the joint admissions committee recommendation, Alban appealed to the Board of Commissioners on Character and Fitness. See Gov.Bar R. I(12). The board appointed a panel to review Alban's qualifications. The panel heard the cause on June 5, 2007, and unanimously recommended that Alban not be approved to take the July 2007 bar examination but that he be allowed to reapply to take the February 2008 bar examination, which would give him additional time to demonstrate continued compliance with his OLAP contract. The board adopted the panel's report.

### The Board's Findings

{¶ 4} In 1986, police stopped Alban in Tampa, Florida for a minor traffic violation and discovered that Alban had a small amount of marijuana and a roach clip. Alban was charged with possession of marijuana and was sentenced to probation, which he successfully completed.

{¶ 5} In June 2003, Cleveland police charged Alban with possession of crack cocaine. Alban was allowed to plead guilty to attempted possession, a first-degree misdemeanor, subject to participation in the Cleveland Drug Court's

program. Alban successfully completed the 20–week intensive outpatient program and also complied with a subsequent 32–week random drug-testing program. As a result, Alban's misdemeanor plea was set aside, the charge was dismissed, his probation was terminated, and his record was sealed.

{¶ 6} On June 2, 2005, police stopped Alban in Middlefield, Ohio on suspicion of drunk driving. He tested over the legal limit and was charged with DUI. Alban pleaded guilty to a reduced charge of failure to control.

{¶ 7} Both the 2003 drug offense and the 2005 DUI charge occurred while Alban was in law school. After being advised that he could not sit for the February 2007 bar examination, Alban contacted OLAP. At the request of OLAP, Alban had an alcohol/drug assessment performed at Laurelwood Hospital, which concluded that he was not chemically dependent. Alban, nevertheless, entered into a contract with OLAP on January 30, 2007.

{¶ 8} During the panel hearing, Alban testified that he is committed to abstaining from alcohol and drug use. He presented a letter from OLAP attesting that he is in compliance with the terms of his contract. He also insisted that he is not an addict, but admitted that he had abused alcohol and drugs in the past.

{¶ 9} In addition to the drug and alcohol issues, Alban's military history and employment history were discussed at the hearing. Alban joined the United States Navy in May 1988, committing to a four-year term. After serving two and a half years, Alban decided to terminate his military commitment and went absent without leave. He later received a dishonorable discharge due to his unauthorized absence.

{¶ 10} A former employer also submitted a negative reference letter in connection with Alban's character-and-fitness investigation. The employer indicated that Alban either stole clients from the firm or performed unauthorized work while working for the employer. Alban denied the allegations.

{¶ 11} The board concluded that the issues related to Alban's military service and employment history were not significant impediments to admission. The board found that, while the dishonorable discharge reflected poorly on Alban, it had occurred more than 15 years ago, and he showed genuine remorse about this incident at the hearing and now possesses better character and judgment. With respect to the negative employment reference, there was no evidence that Alban had engaged in any wrongdoing.

{¶ 12} However, the board found that Alban's history of alcohol and drug abuse, and related criminal offenses, raised significant concerns. The board found this history particularly alarming because Alban had been arrested on two separate occasions—once for possession of crack cocaine and once for DUI—

while enrolled in law school. While the board approved of Alban's decision to enter into a contract with OLAP, it noted that he had only recently contracted with OLAP. The board also pointed out that Alban had successfully completed the Cleveland Drug Court's program only to relapse a year later.

Review

{¶ 13} Alban does not challenge the board's findings and recommendation. We have reviewed the board's record and its report, and we agree that Alban does not yet possess the requisite character, fitness, and moral qualifications under Gov.Bar R. I(11) to be admitted to the bar. While we find that Alban's efforts in overcoming issues of drug and alcohol abuse are commendable, we share the board's belief that Alban's relapse following treatment, his drug- and alcohol-related offenses, and the relative recentness of his abstinence raise concerns about his fitness to practice law. Under similar circumstances, we have temporarily disapproved applicants for the bar examination in order to give them time to show that they have overcome substance-abuse problems and are managing their conditions with sufficient treatment. See *In re Application of Olterman,* 106 Ohio St.3d 383, 2005-Ohio-5324, 835 N.E.2d 370, and *In re Application of Ralls,* 109 Ohio St.3d 487, 2006-Ohio-2996, 849 N.E.2d 36. Therefore, we disapprove Alban for admission at this time but order that he may reapply for the February 2008 bar examination to provide him with additional time to demonstrate continued compliance with his OLAP contract.[1]

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., dissents and would allow respondent to reapply as of February 2009.

---

Rapoport, Spitz, Friedland & Courtney and Michael M. Courtney, for Cuyahoga County and Cleveland Bar Associations.

Christensen, Christensen, Donchatz, Kettlewell & Owens, L.L.P., and Kenneth R. Donchatz, for applicant.

---

1. We also deny Alban's motion to seal the record in this matter.